UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA LEE McGIBONEY, <br><br> Plaintiff, <br><br> v. <br><br> CORIZON; IDAHO BOARD OF CORRECTIONS; CINDY WILSON; DEBBIE FIELD; DAVID McCLUSKY; JOSH TEWALT; CHAD PAGE; ALBERTO RAMIREZ; RONA SIEGERT; AARON HOFER; and DOES 1-X, <br><br> Defendants. | Case No. 1:21-cv-00011-DCN <br><br> **INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Joshua Lee McGiboney's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice.

1.      **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## 2.      Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

## 3.      Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at Idaho State Correction Center. In the Complaint, Plaintiff asserts that he has not been given dental floss. Floss is available for purchase at

the commissary but is not provided to indigent inmates like Plaintiff. *Compl.*, Dkt. 3, at 2–11.

Plaintiff filed a grievance asking prison officials to add dental floss to the indigent hygiene supply list. In responding to the grievance, Warden Ramirez told Plaintiff that, at the next wardens' meeting, Ramirez would "propose [the] request to add dental floss/picks to the indigent supply list." *Ex. to Compl.*, Dkt. 3-1, at 4.

Plaintiff also asked for dental floss from an employee of Corizon, the private entity providing Idaho inmates with medical care under contract with the IDOC. The request was denied. *Compl.* at 2.

Plaintiff asserts that the failure to provide him with free dental floss violates the Eighth Amendment to the U.S. Constitution. Plaintiff sues four IDOC officials, the Idaho Board of Correction ("Board"), and three members of the Board. Plaintiff also sues Corizon and one of Corizon's Health Service Administrators.

**4.      Discussion**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse

of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials and prison medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

Plaintiff asserts his claims under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Hunt v. Dental Dep't,* 865 F.2d 198, 200 (9th Cir. 1989) (holding

that the Eighth Amendment guarantees inmates the right to adequate dental care). To state a claim under the Eighth Amendment, prisoners must plausibly allege that they are "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff's Eighth Amendment claim that he must be provided with free dental floss has "no basis in law or fact" and, therefore, is frivolous. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In fact, "a claim based on the denial of dental floss was one of the examples of frivolous prisoner suits cited in the legislative history of the Prisoner Litigation Reform Act." *Green v. Denning*, 465 F. App'x 804, 807 n. 2 (10th Cir. 2012). Therefore, this case must be dismissed.

//

///

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

## ORDER

**IT IS ORDERED** that this case is DISMISSED with prejudice as frivolous. *See* 28

U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1).

DATED: March 29, 2021

David C. Nye
Chief U.S. District Court Judge